DENNIS J. FLYNN, Corporation Counsel, Racine County
You have requested my opinion as to whether or not Racine County or the City of Racine has the authority to regulate the interception and rebroadcast of local law enforcement agency radio communications. You indicate that an individual in the Racine area has expressed the desire and has taken some steps toward rechanneling the official Racine County Sheriff's Department and Racine City Police Department's radio frequencies through a community antenna television (CATV) system to paying *Page 104 
subscribers. You further indicate that there appears to be a strong state or public interest against making these law enforcement agency communications available to a vast sector of the general public. For the reasons which follow, I have concluded that counties and municipalities do not have the authority to regulate the proposed activity which you describe.
Governmental regulation of CATV systems is of relatively recent origin, having developed for the most part during the past ten years. While significant regulation of some aspects of such systems has been undertaken by localities and states during this period, by far the most important development has occurred at the federal level.
Federal regulation of CATV began in 1965 when the Federal Communications Commission promulgated rules requiring systems importing distant signals to carry local competing programs and forbidding duplication of local programming by such systems. InUnited States v. Southwestern Cable Co. (1968) 392 U.S. 157,20 L.Ed.2d 1001, 88 S.Ct. 1994, the Supreme Court considered whether the commission had the statutory authority to engage in such regulation and concluded that it did.
Regulation of CATV at both the local and federal levels raised the question of federal preemption. While it is true that federal regulation of a subject does not always preclude concurrent local regulation, the federal preemption doctrine holds that where there is "such actual conflict between the two areas of regulation that both cannot stand in the same area," the local regulation will be invalidated under the supremacy clause of the Constitution. Florida Lime and Avocado Growers v. Paul (1963)373 U.S. 132, 141, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248, 256.
In T.V. Pix, Inc. v. Taylor (1968) 304 F. Supp. 459, a three-judge panel held that a Nevada law regulating CATV systems as public utilities had not been preempted by federal regulation. Said the court:
 ". . . whether preemption has in fact occurred . . . depends on whether the Federal Communications Commission has, in fact, regulated in this area and not upon whether it has the power to do so. . . *Page 105 
 "The answer to the question of whether the Nevada Community Antenna Television System Law does in fact conflict with federal regulation of community antenna companies is clear. To date, as related in the Southwestern Cable Co. case, the FCC has imposed its will on community antenna companies in but three limited areas. [citation omitted.] Not only has the FCC failed to promulgate regulations concerning rates, quality of service and franchises of community antenna companies, it has, through the years, sought to eschew legislative authority in this area. [footnote omitted.]" T.V. Pix, supra, at 465-466.
It should be noted, however, that the state statute considered in T.V. Pix did not attempt to regulate signal carriage, which was an area dealt with in some respects by the earliest FCC regulation. Moreover, the state of FCC regulation of CATV has changed dramatically since the T.V. Pix decision. In 1972, the commission promulgated a comprehensive set of rules regulating many facets of CATV operation, which are now codified in47 C.F.R. Part 76. In particular, with regard to signal carriage, Subpart D deals with carriage of television broadcast signals, Subpart F deals with program exclusivity, and Subpart G deals with origination cablecasting, including regulations pertaining to the fairness doctrine, lotteries, obscenity, advertising and sponsorship identification.
The rules do contemplate — indeed, require — that CATV systems be franchised or licensed by local authorities, but such franchises must meet FCC standards. See 47 C.F.R., sec. 76.31. With respect to attempts to regulate signal carriage in such franchises, the commission has stated its position as follows:
 "The fact that this Commission has pre-empted jurisdiction of any and all signal carriage regulation is unquestioned. Nonetheless, occasionally we receive applications for certificates of compliance which enclose franchises that attempt to delineate the signals to be carried by the franchisee cable operator. Franchising authorities do not have any jurisdiction or authority relating to signal carriage." Clarification of Rules and Notice of Proposed Rule-Making (1974) 29 Pike and Fisher Radio Regulation 2d 1621, 1627. *Page 106 
In light of the FCC rules regulating signal carriage on CATV systems and the above pronouncement by the commission, I must conclude that federal regulation has preempted this area, and that consequently Racine County and the City of Racine do not have the authority to regulate the interception and rebroadcast of law enforcement agency radio communications. It should be noted though that no CATV system may commence operations or add a television broadcast signal until it has received a certificate of compliance from the commission. 47 C.F.R., sec. 76.11 (a). The commission gives public notice of the filing of such applications, and 47 C.F.R., sec. 76.27 specifically provides for the filing of objections to them. These provisions may provide you with the opportunity to express your concerns to the commission should the need arise.
BCL:WDB